UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FIRST DAKOTA NATIONAL BANK,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BANCINSURE, INC.<br><br>　　　　　　Defendant. | 4:12-CV-04061-KES<br><br>ORDER GRANTING<br>MOTION TO STAY LITIGATION |

John D. Doak, Insurance Commissioner of the State of Oklahoma, as Receiver of Red Rock Insurance Company, f/k/a BancInsure, Inc.,[1] moves the court for an order abstaining from further proceedings and staying litigation in this matter until such time as liquidation proceedings in *State of Oklahoma v. Red Rock Insurance Co.*, Case No. CJ-2014-4353 are completed. Plaintiff, First Dakota National Bank, opposes the motion. For the following reasons, the motion is granted.

**FACTUAL BACKGROUND**

First Dakota is a national bank with its principal place of business in Yankton County, South Dakota. BancInsure is an Oklahoma insurance company headquartered in Oklahoma City, Oklahoma. First Dakota purchased

---

[1] BancInsure, Inc. identifies as Red Rock Insurance Company throughout its brief. Because BancInsure, Inc. is the named party in this dispute, the court will continue to use that name.

a financial institution bond from BancInsure to provide coverage for liability issues that could arise in the course of its operation.

In February 2004, First Dakota loaned businessman Terry Schulte $250,000. Loan officer Wayne Wassink oversaw the Schulte loan. Wassink transacted business regarding the Schulte loan through Schulte's intermediary, Douglas Larsen. Over the next five years, the Schulte loan was reviewed annually and renewed.

In October 2009, Wassink met with Schulte because the Schulte loan was past due. Schulte told Wassink he did not have a line of credit with First Dakota and he suggested that Larsen must have forged the note. First Dakota conducted an investigation and notified BancInsure of the potential forgery on October 13, 2009.

In July 2011, First Dakota filed a proof of loss with BancInsure, seeking coverage under the bond for three loans, including the Schulte loan. In November 2011, BancInsure denied coverage on two of the three claims and stated that the information submitted regarding the Schulte loan was insufficient to prove coverage under the bond. In response, First Dakota agreed the other two loans were not covered, but maintained there was coverage for the Schulte loan under the bond. In March 2012, BancInsure again denied coverage for the Schulte loan and informed First Dakota its claim was barred because it had not brought suit within two years of when the loss was discovered, as required under the terms of the bond.

On April 5, 2012, First Dakota brought this action seeking a declaration of coverage under the bond, damages for bad-faith denial of the claim, and vexatious refusal to pay the claim. BancInsure moved for summary judgment alleging that the claim fell outside the two-year statute of limitations outlined in the bond. Docket 19. First Dakota moved to certify the question to the South Dakota Supreme Court of whether a financial institution bond is a surety contract.[2] This court granted the motion to certify a question on December 31, 2013. BancInsure's motion for summary judgment was subsequently dismissed without prejudice. Docket 42. On July 30, 2014, the South Dakota Supreme Court issued an opinion stating that the bond is not a surety contract. Docket 43.

On August 1, 2014, the Oklahoma District Court for the County of Oklahoma issued an order to show cause why BancInsure should not be placed in receivership. Docket 54-2. On August 21, 2014, the Oklahoma County Court issued a liquidation order placing BancInsure into receivership and imposing a 120-day stay on all claims to which BancInsure is a party. Docket 54-1 at 8 (state court order placing insurer into receivership and liquidation, appointing receiver, and for permanent injunction). The liquidation order further enjoined all creditors, claimants, and litigants from depleting BancInsure's assets and prosecuting any pending action involving BancInsure. *Id.* at 6. On February 6, 2015, BancInsure filed this motion to enjoin litigation

---

[2] SDCL 53-9-6 prohibits parties from contractually limiting the statute of limitations except in the case of a surety contract.

3

until the completion of liquidation proceedings in the Oklahoma County Court. Docket 52.

## DISCUSSION

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Supreme Court addressed abstention "principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id.* at 817. "These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," exceptional circumstances permit a federal court to abstain from exercising jurisdiction when a concurrent state-court action is also pending. *Id.* at 817-18. Abstention may be appropriate when the exercise of federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 332-33 (1943) (holding that federal judicial intervention would impermissibly disrupt state's elaborate review system for regulating oil fields). Federal courts may also exercise their discretion and abstain to avoid duplicative, "piecemeal" litigation of a matter more properly decided in a parallel state court proceeding. *See Colo. River*, 424 U.S. at 817-18. The Supreme Court has cautioned that "the various types of abstention are not rigid pigeonholes into which federal courts must try

4

to fit cases." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989) ("*NOPSI*") (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987)). The Eighth Circuit has followed *NOPSI* and declined to "compartmentalize[]" the various doctrines of abstention, instead considering the principles of "federalism, comity, and judicial administration that may justify overriding the strong presumption in favor of exercising federal jurisdiction." *Wolfson v. Mut. Benefit Life Ins. Co.*, 51 F.3d 141, 145 (8th Cir. 1995), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711, 730 (1996).

In *Wolfson*, the Eighth Circuit provided guidance in cases involving policyholders, policy beneficiaries, and creditors against a now-insolvent insurer. *Id.* There, the Eighth Circuit first considered "whether the state court insolvency proceeding provides a mandatory special procedure to adjudicate claims against the insolvent and then distribute the insolvent's inadequate assets among the various classes of successful claimants." *Id.* If there is such a concurrent state procedure purporting to bind the federal court plaintiff, the Eighth Circuit has concluded that both the *Burford* and *Colorado River* doctrines apply in determining whether abstention is appropriate. *See id.*

The *Wolfson* analysis is appropriate here. Like in *Wolfson*, this is a claim by a policyholder against an insolvent insurer that was initiated in federal court prior to insolvency. Likewise, the Oklahoma County Court proceeding provides a mandatory special procedure to adjudicate claims. *See Munich Am. Reins. Co. v. Crawford*, 141 F.3d 585, 593 (5th Cir. 1998) ("Oklahoma has not

only adopted a comprehensive scheme to oversee the liquidation of insolvent insurers, it has provided a particular . . . court to oversee liquidation proceedings.").

The question then becomes whether the principles laid out in *Burford* and *Colorado River* weigh in favor of abstention. *See Wolfson*, 51 F.3d at 145-46. Thus, the following factors should be evaluated to determine if abstention is appropriate: (1) whether the state court conducting the liquidation proceeding possesses jurisdiction over BancInsure's assets; (2) whether continued litigation in federal court would compromise the state liquidation proceedings; (3) whether the case will require resolving a federal statutory claim; (4) whether the case has progressed in the federal forum to the point that abstention would waste judicial resources; (5) whether abstention would support the strong federal policy of deferring to state regulation of the insurance industry, as reflected in the McCarran-Ferguson Act, 15 U.S.C. § 1012; and (6) whether the plaintiff seeks money damages rather than equitable relief. *Id.* at 146-47.

### I. The Oklahoma County Court Possesses Jurisdiction over BancInsure's Assets, and Continued Litigation in Federal Court Would Compromise the State's Interest in Liquidation.

The first factor is whether the state court possesses jurisdiction over the insolvent insurer's assets. Like the state court proceeding at issue in *Wolfson*, the Oklahoma County Court has "exclusive original jurisdiction" over BancInsure's limited pool of assets. 36 Okla. Stat. § 1902(a). First Dakota brought this action seeking to establish a claim against BancInsure, whose

6

assets are now being administered in the Oklahoma liquidation proceeding. When the federal court has jurisdiction over the insolvent insurer itself but not concurrent jurisdiction over the insurer's assets, "[s]uch actions have traditionally gone forward unless the determination of that claim in federal court would compromise the state court's administration of the corpus." *Wolfson*, 51 F.3d at 146 (citing *Princess Lida of Thurn v. Thompson*, 305 U.S. 456, 465-68 (1939)).

 The second factor is whether continued litigation in this court would compromise rehabilitation of the insolvent insurer. Courts in this circuit, including the court of appeals, generally grant requests for abstention in claims by policyholders against insolvent insurers, finding that such claims impede the state's interest in rehabilitation. *See id.* at 145-46 (stating that expense of continued litigation in federal court of action brought against insolvent insurer would compromise state court proceeding); *see also API, Inc. Asbestos Settlement Trust v. Atlantic Mut. Ins. Co.*, Civil No. 09-665 (JRT/TNL), 2011 WL 5244669, at *5 (D. Minn. Nov. 2, 2011); *In re Amwest Sur. Ins. Co.*, 245 F. Supp. 2d 1038, 1048-49 (D. Neb. 2002). "[T]he efficient adjudication and satisfaction of claims against an insolvent insurer is best achieved in a single comprehensive proceeding." *Wolfson*, 51 F.3d at 146. In contrast, when a mandatory state procedure is present but the action seeks to determine a party's liability to the insolvent insurer's estate, abstention may not be granted. *See Midwest Employers Cas. Co. v. Legion Ins. Co.*, No. 4:07CV870 CDP, 2007 WL 3352339, at *5 (E.D. Mo. Nov. 7, 2007).

Like in *Wolfson*, continued litigation of this action would compromise BancInsure's rehabilitation. "Claims litigation is a major on-going expense of a solvent insurer. Reducing and deferring those expenses in an insolvency proceeding can greatly assist rehabilitation." *Wolfson*, 51 F.3d at 146. Unlike *Midwest Employers*, where resolution of that claim would enhance the insurer's estate, continued litigation in this action could diminish BancInsure's limited pool of assets and compromise Oklahoma's interest in fairly administering the liquidation procedure. By issuing a stay, this court would aid Oklahoma in creating a "single comprehensive proceeding" for the resolution of all claims against BancInsure. Accordingly, the first and second factors weigh in favor of abstention.

**II.     This Case Does Not Involve Resolving a Federal Statutory Claim.**

Here, no federal statutory claim is alleged. First Dakota seeks declaratory relief under the Declaratory Judgment Act, which provides a remedy rather than a cause of action. *See Buck v. Am. Airlines*, 476 F.3d 29, 38 n.3 (1st Cir. 2007) ("Although the plaintiffs style "declaratory judgment" as a cause of action . . . 28 U.S.C. § 2201(a) creates a remedy, not a cause of action."); *Wolff v. Bank of N.Y. Mellon*, 997 F. Supp. 2d 964, 979 (D. Minn. 2014). First Dakota's remaining claims are state tort claims. Because First Dakota has not brought a federal cause of action before this court, this factor weighs in favor of abstention.

### III. This Case Has Not Progressed in the Federal Forum to the Point That Abstention Would Waste Judicial Resources.

The Eighth Circuit has emphasized that courts should consider the relative progression of the lawsuit before deciding to abstain. In *Wolfson*, the Eighth Circuit found that considerable litigation expense remained before the plaintiff's claim could be decided, and a decision not to abstain would "squander judicial resources." *Wolfson*, 51 F.3d at 146. In contrast, in *Bilden v. United Equitable Insurance Co.*, 921 F.2d 822 (8th Cir. 1990) the Eighth Circuit declined to abstain where the plaintiff won her jury verdict eighteen months before the state court placed the insurer in rehabilitation. *Id.* at 826 ("A decision on the merits of this appeal . . . would simply make final a claim for consideration.").

Here, although this case has been pending in the federal forum for over three years, substantial litigation may still remain. BancInsure alleges that First Dakota's action is untimely under the language of the bond, that First Dakota's loss is not covered under the insuring agreements, and that First Dakota's claims of vexatious refusal of a claim and bad faith denial of a claim are unsupported by the record. Unlike *Bilden*, no decision on the merits of the case has been reached. Rather, like in *Wolfson*, this case has not been set for trial, and considerable litigation expenses may still be incurred. The Oklahoma receivership court provides a "single comprehensive proceeding" for First Dakota to resolve its claim. Accordingly, in the interest of conserving judicial resources, this factor weighs in favor of abstention.

### IV. The McCarran-Ferguson Act Counsels in Favor of Staying This Action.

The McCarran-Ferguson Act provides that "no Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance . . . ." 15 U.S.C. § 1012(b). While "state courts are completely without power to restrain federal court proceedings in *in personam* actions," *Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964), principles of "federalism, comity, and judicial administration" weigh in favor of deferring to state regulation of insolvent insurance companies. *Wolfson*, 51 F.3d at 145. The Eighth Circuit clarified in *Murff v. Professional Medical Insurance Co.*, 97 F.3d 289 (8th Cir. 1996), that "[t]his policy . . . does not translate into state preemption of federal jurisdiction . . . , but merely counsels that a federal court consider the propriety of abstaining from or staying the federal action." *Id.* at 293; *see also Munich*, 141 F.3d at 596 ("We surely are not saying that [under the McCarran-Ferguson Act] a State has the power to enjoin a party generally from pursuing federal remedies in federal court.").

Oklahoma has adopted a comprehensive statutory system to regulate the business of insurance. *See Munich*, 141 F.3d at 591. No federal law at issue in this case does the same. The McCarran-Ferguson Act does not require this court to abstain. Nevertheless, in recognition of principles of comity and the

10

strong federal policy in favor of deferring to Oklahoma's regulation of insurance companies, this factor weighs in favor of abstention.

## V.     This Court May Not Dismiss the Action.

In damages actions, federal courts may apply abstention principles and enter a stay. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793-94 (8th Cir. 2008) (finding that a stay was proper where plaintiff combined claims for damages and declaratory relief). "[F]ederal courts have the power to dismiss . . . cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush*, 517 U.S. at 731. Here, First Dakota has asserted claims for monetary relief and declaratory relief. Because the relief being sought is not purely equitable, this court may not dismiss the action. Rather, this court should enter a stay.

## CONCLUSION

Abstention in the form of a stay is appropriate. Oklahoma has created a mandatory special procedure intended to govern receivership proceedings, and continued litigation in this court would compromise that scheme. The case has not progressed far enough where abstention would constitute a waste of judicial resources. Furthermore, the McCarran-Ferguson Act counsels this court to defer to Oklahoma's insurance scheme. Accordingly, it is

ORDERED that defendant BancInsure's motion to enjoin litigation (Docket 52) is granted, and this litigation is stayed pending further order of the court.

Dated June 2, 2015.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE